IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Mahmoud O. Alili, | : | |
| | : | Case No. 1:25-cv-00603 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | **Order Granting Motion to Dismiss and** |
| P.N.C. Bank, | : | **Denying Motion for Leave to Amend** |
| | : | |
| Defendant. | : | |

Plaintiff Mahmoud O. Alili filed this action against Defendant PNC Bank, N.A. ("PNC"[1])

alleging that PNC unlawfully closed his and other individuals' bank accounts.  PNC moved to

dismiss Plaintiff's Complaint or for a more definitive statement (Doc. 8.), after which the Court

issued an Order to Show Cause.  (Doc. 9.)  Plaintiff failed to show cause and instead filed a

Motion for Leave to file a proposed Amended Complaint asserting claims that PNC's conduct

violated the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 et. seq., and 42 U.S.C. §§ 1981.

(Doc. 11.)  In response, PNC moves the Court to deny Plaintiff leave to file an Amended

Complaint and grant its prior filed Motion to Dismiss.  (Doc. 14.)

For the reasons set forth more fully below, PNC's Motion is well-taken.  The Court will

**GRANT** PNC's Motion to Dismiss (Doc. 8.) and **DENY** Plaintiff's Motion for Leave to Amend

(Doc. 11.)

I.      **BACKGROUND**

Plaintiff Mahmoud O. Alili, appearing *pro se*, commenced this action on August 20, 2025

(Doc. 1.)  Plaintiff's original Complaint is one page and includes few facts.  He asserts that his

rights were violated under President Trump's Executive Order 14331, Guaranteeing Fair

---

[1] The Plaintiff incorrectly named "P.N.C. Bank" as the Defendant.  The spelling was corrected by Defendant to
"PNC Bank, N.A." (Doc. 8 at PageID 19.)

Banking for All Americans, 90 FR 38925, signed on August 7, 2025.  (*Id*. at PageID 1.)  He

claims PNC "unlawfully de-banked the plaintiff" when it closed his accounts, and the closure

was discriminatory based on his "personal religious, racial and national origin." (*Id*.)  Plaintiff

seeks compensatory damages of $120,000.00, punitive damages of one million dollars, and

injunctive relief.  (*Id*.)

On September 18, 2025, PNC filed a Motion to Dismiss for Failure to State a Claim, or in

the alternative, Motion for More Definite Statement.  (Doc. 8.)  When Plaintiff failed to file a

timely Response, the Court entered an Order to Show Cause on October 11, 2025 directing

Plaintiff submit to the Court in writing on or before November 12, 2025 reasons why PNC's

Motion should not be granted or a responsive memorandum to PNC's Motion.  (Doc. 11 at

PageID 34.)[2]

Plaintiff obtained an extension of time to respond and filed a Motion for Leave to File

Amended Complaint on December 11, 2025. (Doc. 11.)  In his brief pleading, Plaintiff asserts

that his first Complaint "was incorrectly styled as a 1983 suit" and seeks leave to "correct

mistakes" in his "initial filing." (*Id*. at PageID 37.)  Plaintiff attached a two-page proposed

Amended Complaint "pursuant to 15 U.S.C. ss 1691 ("E.O.C.A."), and 42 U.S.C. SS 1981." (*Id*.

at PageID 38.)  He asserts that he maintained personal, business, and credit card accounts at PNC

Bank in Cincinnati, Ohio and his accounts and accounts of his Muslim employees were frozen

after he traveled to Palestine.  (*Id*.)  He claims that the "accounts of his Caucasian Christian

partner were not closed adversely except the account shared with Plaintiff." (*Id*.)  He seeks

compensatory damages of $120,000 and punitive damages of one million dollars.  (*Id*. at PageID

39.)  PNC filed a Response in Opposition to Plaintiff's Motion for Leave to File Amended

Complaint on January 20, 2026.  (Doc. 14.)  Plaintiff did not file a timely reply.

---

[2] The Court's Order to Show Cause did not permit the Plaintiff to file an Amended Complaint (Doc. 11.)

## II.    STANDARD OF LAW

### A.  Standard of Law for Leave to Amend under Rule 15(a)

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading only with the written consent of the opposing party or with the Court's leave.  A motion for leave to amend is addressed to the discretion of the district court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In exercising its discretion, a district court "should freely grant leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *U.S. v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995).  In determining whether justice requires leave to amend, a district court can consider whether allowing the amendment will result in undue prejudice to the opposing party and whether the moving party exhibits undue delay, bad faith, or a dilatory motive.  *Foman*, 371 U.S. at 182.  Further, the court may deny leave to amend where it appears that doing so would be futile.  *Id*.

### B.  Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6)[3]

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To withstand a motion to dismiss, a complaint must comply with Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Rule 8(a)(2)).  A complaint must include sufficient facts to state a claim that is plausible on its face and "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570

---

[3] Defendant also moves in the alternative for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  "A party may move for a more definite statement of a pleading to which a responsible pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Given the Court's finding with respect to the Motion to Dismiss, the Court need not address Defendant's alternative argument under to Rule 12(e).

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Mere "labels and conclusions [or] a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. A complaint must contain "either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014) (citation omitted). However, it "does not need detailed factual allegations" or "heightened fact pleading of specifics." *Twombly*, 550 U.S. at 555, 570. A district court examining the sufficiency of a complaint must accept well-pleaded facts as true, but not legal conclusions or legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678–679; *see also Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). It "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## III.   ANALYSIS

### A.  Failure to Show Cause

The Court ordered Plaintiff to show cause, in writing, why PNC's Motion to Dismiss should not be granted or in the alternative file a responsive memorandum to PNC's Motion to Dismiss. Plaintiff did not do so. Instead, he filed a proposed Amended Complaint dropping any reference to Executive Order 14331 and 42 U.S.C. § 1983 and explaining that it was incorrectly styled. The response failed to show cause as to why PNC's Motion to Dismiss his original Complaint should not be granted.

In Plaintiff's Complaint, he asserted that PNC unlawfully closed his bank and credit

4

accounts because of his national, religious, and/or racial identity in violation of "the executive order signed August 7th, 2025." The Court presumes this Executive Order to be Executive Order 14331 which maintains that "no American should be denied access to financial services because of their constitutionally or statutorily protected beliefs, affiliations, or political views" and that "[b]anking decisions must instead be made on the basis of individualized, objective, and risk-based analyses."[4] Executive Order 14331, 90 FR 38925. Executive Order 14331 does not provide a private right of action, as it permits only the federal banking regulators to act under its authority. *Id*. at §§ 4–5. With respect to his 42 U.S.C. §1983 claim, in Plaintiff's Motion for Leave to File Amended Complaint, he agrees that his original Complaint was incorrectly styled as a 42 U.S.C. §1983 claim. Given this, Plaintiff has no viable claims in his original Complaint, and he failed to file a response demonstrating otherwise.

### B. Motion for Leave to Amend

Aside from the fact that Plaintiff's Motion for Leave failed to respond adequately to the Court's Order to Show Cause, Plaintiff has not demonstrated why leave should be granted to allow him to file his Proposed Amended Complaint, which suffers from similar deficiencies as his original Complaint.

PNC argues that Plaintiff's Motion for Leave to File an Amended Complaint should be denied as the proposed Amended Complaint cannot withstand a Rule 12(b)(6) motion to dismiss and therefore granting leave would be futile. Plaintiff purports to assert two new claims in his Proposed Amended Complaint, one under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, and another under 42 U.S.C. § 1981. Neither claim is viable as alleged as the facts supporting them are vague and unclear.

---

[4] On August 7th, 2025, President Trump issued three Executive Orders: "Democratizing Access to Alternative Assets for 401(K) Investors"; "Guaranteeing Fair Banking for All Americans"; and "Improving Oversight of Federal Grantmaking". Plaintiff does not specify which "August 7th, 2025" Executive Order he is referencing.

As to the former, the ECOA prohibits creditors from discriminating against applicants in any aspect of a credit transaction on the basis of "race, color, religion, national origin, sex, marital status[,] age," income source, or because an applicant has in good faith exercised rights under this chapter.  15 U.S.C. §1691(a)(1)–(3); *Mays v. Buckeye Rural Elec. Co-op., Inc.*, 277 F.3d 873, 876 (6th Cir. 2002).

"[ECOA] claims of discrimination are evaluated using the same framework and burden allocation system that is applied to Title VII cases."  *Matthews v. New Century Mortg. Corp.*, 185 F. Supp. 2d 874, 887 (S.D. Ohio 2002) (citing *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 406 (6th Cir. 1998)).  "For the Plaintiffs to establish a *prima facie* case for violation of ECOA, they must show: (1) that they are members of a protected class; (2) that they applied for credit from the Defendant; (3) that they were qualified for the credit; and (4) that their credit applications were denied despite their qualifications."  *Id*. (citing *Mays v. Buckeye Rural Elec. Co-op., Inc.*, 277 F.3d 873 (6th Cir. 2002) (citation omitted)).[6] Plaintiff's proposed Amended Complaint alleges that PNC violated the ECOA by closing his personal, business, and credit card accounts as well as those of "his Muslim employees" after traveling to Palestine.  PNC stated the action was due to third party activity and did not give further explanation.  (Doc. 11 PageID 38–39.)  He claims accounts of "his Caucasian Christian partner" were not closed adversely except for the account shared with Plaintiff.  (Id. at 39.) Nonetheless, Plaintiff fails to establish that PNC has deprived him of a right secured under this statute.

Plaintiff seemingly asserts that the explanation given by PNC (third party activity) was inaccurate and implies that PNC discriminated against him when he compares the closure of his accounts with those of unnamed third parties, who are not party to this lawsuit.  As PNC points

6

out, these allegations are vague and not definite.  Because the Court has already provided

Plaintiff with an opportunity to clarify his claims without him doing so, the Court finds that

providing Plaintiff the opportunity to provide a more definite statement would be futile.  It is not

clear what entities, persons, or accounts are at issue.  Plaintiff fails to distinguish between the

types of accounts he is alleging were affected.  He also does not identify the claims asserted on

behalf of himself and other parties.[5]  Due to these issues, the proposed Amended Complaint falls

short of providing a sufficient claim that may survive a motion to dismiss.

The same issue befall Plaintiff's asserted claim under 42 U.S.C. § 1981,[6] which is based

upon the same very short statement of facts.  "The elements of a *prima facie* case under § 1981

are the same for those in a Title VII action."  *Noble v. Brinker Int'l, Inc.*, 175 F. Supp. 2d 1027,

1041–42 (S.D. Ohio 2001) (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 113 S. Ct. 2742,

125 L.Ed.2d 407 (1993); *Jackson v. Quanex Corp.*, 191 F.3d 647 (6th Cir.1999)).  Section 1981,

however, differs from Title VII in that the plaintiff must demonstrate purposeful discrimination

---

[5] Under 28 U.S.C §1654, while parties may "plead and conduct their own cases personally or by counsel," this right does not extend to other persons or business entities.  *See* U.S.C. §1654; *see Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015).  Under Ohio Rev. Code §4705.01, only a licensed attorney may file a pleading on behalf of another party in court.  *Dundee v. U. Hosps. Corp.*, 2020 WL 502414, at *3 (N.D. Ohio Jan. 17, 2020) (citations omitted).  A complaint filed by a non-attorney in violation of Ohio Rev. Code §4705.01 should be dismissed without prejudice.  *Id.* (citing *State ex. rel. Army of Twelve Monkeys v. Warrant Cnty. Ct. of Com. Pleas*, 126 N.E.3d 1113, 1114 (Ohio 2019)). Plaintiff's proposed Amended Complaint asserts claims on behalf of business entities and persons other than himself (Doc. 11 at PageID 38-39.)  As a *pro se* litigant, Plaintiff is prohibited from commencing any action related to his business accounts or his employees as such claims are not personal to himself.  Therefore, Plaintiff's proposed Amended Complaint does not properly comply with the pleading requirements pursuant to 28 U.S.C. § 1654 or Ohio law.

[6] Section 1981 provides:

> (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
> (b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

42 U.S.C. § 1981(a)-(b).

in a § 1981 claim.  *Id*. (citing *General Bldg. Contractor's Assoc., Inc. v. Pennsylvania*, 458 U.S. 375, 390, 102 S. Ct. 3141, 73 L.Ed.2d 835 (1982)).  The vagueness and lack of specificity the Court addressed with respect to Plaintiff's ECOA claim are also an issue with respect to his § 1981 claim.  Plaintiff fails to establish that PNC has deprived him of a right secured under 42 U.S.C. § 1981.

## IV.    CONCLUSION

For the foregoing reasons, PNC's Motion to Dismiss (Doc. 8) is **GRANTED,** as Plaintiff has failed to show cause or provide a meaningful response to the Court's Show Cause Order. Plaintiff's Motion for Leave to Amend (Doc. 11) is **DENIED** as granting leave to file the proposed Amended Complaint would be futile.  This case will be terminated from the docket of this Court.

**IT IS SO ORDERED.**

BY THE COURT:


S/Susan J. Dlott
Susan J. Dlott
United States District Judge

8